IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **JOSE ALEJANDRO CARMENATE GUTIERREZ,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **Case No. CIV-26-1504-R** |
| **v.** | ) | |
| | ) | |
| **WARDEN OF DIAMONDBACK CORRECTIONAL FACILITY, et al.,**[1] | ) | |
| | ) | |
| **Respondents.** | ) | |

## REPORT AND RECOMMENDATION

Petitioner Jose Alejandro Carmenate Gutierrez, a noncitizen proceeding pro se,[2] seeks a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1.[3] United States District Judge David L. Russell referred the matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C).

---

[1] Fred Figueroa, the current Warden of the Diamondback Correctional Facility, is not a federal official and the Government did not file its response on his behalf. Doc. 7, at 1 n.1.

[2] This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)). Because Petitioner is proceeding pro se, the Court liberally construes his arguments. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*

[3] Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

Doc. 4. Respondents filed a response, Doc. 7, and Petitioner has replied. *See* Doc. 9.

For the reasons set forth below, the undersigned recommends the Court grant Petitioner's request for habeas relief in part and order Respondents to provide Petitioner with an individualized custody hearing under § 1226(a) within seven days or otherwise release Petitioner.

## I. Factual background and procedural history.

Petitioner is a native and citizen of Cuba who entered the United States on or about September 30, 2023. Doc. 7, at 1. The Department of Homeland Security (DHS) served him with a Notice to Appear (NTA), placed him in removal proceedings and charged him with being inadmissible under § 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act (INA).[4] *Id.* at 2 & Ex. 1. DHS granted Petitioner humanitarian parole under 8 U.S.C. § 1182(d)(5)(A), with a parole expiration date of September 30, 2025. *Id.* at 2 & Exs. 2-4. Petitioner applied for asylum and withholding of removal. Doc. 1, at 6; Doc. 7, at 2.

On January 13, 2026, Immigration and Customs Enforcement (ICE) detained Petitioner at a check-in. Doc. 1, at 6; Doc. 7, at 2. The Immigration

[4] This section is codified in 8 U.S.C. § 1182(a)(7)(A)(i)(I), and states that noncitizens are subject to removal if they lack a "valid entry document" at the time they apply for admission.

Court (IC) denied Petitioner's request for a custody redetermination hearing, citing no jurisdiction. Doc. 7, at 2 & Ex. 7. The IC also denied Petitioner's asylum application and ordered his removal. *Id.* at 2-3 & Ex. 8. Petitioner's appeal remains pending. *Id.* at 3 & Ex. 9.

## II. Petitioner's claims.

Petitioner asserts four claims for relief: (1) a violation of his due process rights under the Fifth Amendment given his lengthy detention without an opportunity for release; (2) failure to consider his pending application for relief; (3) punitive and excessively restrictive conditions of confinement; and (4) arbitrary denial of release despite strong equities and lack of danger. Doc. 1, at 6-7. He seeks his immediate release and any other relief that the Court deems just, equitable, and proper. *Id.* at 7.

## III. Standard of review.

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d

1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis,* 533 U.S. 678, 687-88 (2001)).

## IV. Discussion.

### A. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(1).

Petitioner claims he has been residing in the United States for years without incident, but Respondents have not granted him a meaningful opportunity to obtain release since his detention. Doc. 1, at 6-7. To the extent that Respondents substantively address Petitioner's statutory and procedural due process arguments, they assert that Petitioner is properly detained under § 1225(b)(1) as an arriving alien at a port of entry. Doc. 7, at 4-8. "[B]ecause the legality of Petitioner's continued detention depends upon the source of the Government's detention authority, the Court must determine whether § 1225(b)(1) or [8 U.S.C.] § 1226(a) governs before it can resolve Petitioner's due process claim." *Zhakhonov v. Grant*, No. CIV-26-350-J, 2026 WL 1865418, at *2 (W.D. Okla. June 29, 2026).

Under § 1225(b)(1)(A)(i), "[i]f an immigration officer determines that [the noncitizen] . . . who is arriving in the United States . . . is inadmissible under section 1182(a)(6)(C) or 1182(a)(7) . . ., the officer shall order the [noncitizen] removed from the United States without further hearing or review unless the [noncitizen] indicates either an intention to apply for asylum . . . or a fear of

persecution." 8 U.S.C. § 1225(b)(1)(A)(i). An individual detained as inadmissible upon inspection at the border can only be paroled into the United States "'for urgent humanitarian reasons or significant public benefit.'" *Jennings v. Rodriguez*, 583 U.S. 281, 288 (2018) (quoting 8 U.S.C. § 1182(d)(5)(A)); *see also* 8 U.S.C. § 1182(d)(5)(A) (granting discretion to DHS officials to "parole into the United States temporarily under such conditions as he may prescribe only on a case-by-case basis for urgent humanitarian reasons or significant public benefit any alien applying for admission to the United States").

Respondents admit that Petitioner was temporarily paroled under § 1182(d)(5)(A) after arriving at the border. Doc. 7, at 1-2. But they assert his parole was automatically terminated when it expired on September 30, 2025. *Id.* at 6-7. Based on this termination, they argue that Petitioner's status reverted to that of an arriving alien subject to mandatory detention under § 1225(b)(1) as an applicant for admission. *Id.* at 7. The Court should reject Respondents' argument.

"The Court has previously 'found that § 1225(b)(1) doesn't apply in circumstances where . . . the noncitizen resided in the [United States] for several years before their parole under § 1182(d)(5) is revoked.'" *Orozali Uulu v. Gantt*, No. CIV-26-611-SLP, 2026 WL 2138028, at *1 (W.D. Okla. July 24, 2026) (quoting *Drozdov v. Lyons*, No. CIV-26-265-SLP, 2026 WL 1470929, at

*2 (W.D. Okla. May 26, 2026)). And the "termination of humanitarian parole did not automatically return [Petitioner] to mandatory detention under [] § 1225(b)(1)." *Horta Valdovinos v. Warden, Cimarron Corr. Facility*, No. CIV-26-924-J, 2026 WL 2200432, at *2 (W.D. Okla. July 30, 2026) (citing *Kumar v. Johnson*, No. CIV-26-352-J, 2026 WL 937560, at *2 (W.D. Okla. Apr. 7, 2026)); *see also Rafibaev v. Noem*, 2026 WL 607559, at *2 (D. Colo. Mar. 4, 2026) (finding it was "illogical to suggest that [the petitioner's] re-detention [after termination of humanitarian parole was] governed by § 1225(b)(1), which . . . governs procedures for the inspection of aliens arriving in the United States who have not been admitted or paroled.").

**B. Section 1226(a) governs Petitioner's detention.**

Petitioner's current detention "is not part of the inspection process," and it did not "arise from an attempted entry at a port of entry." *Zhakhonov*, 2026 WL 1865418, at *3. Rather, like the petitioner in *Zhakhonov*, "Petitioner was paroled into the United States, permitted to reside in the interior of the country for several years, pursued his asylum application, and complied with the conditions of his release before being re-detained" during an ICE check-in. *Id.* "Under those circumstances, Petitioner's detention is more naturally characterized as detention 'pending a decision on whether the alien is to be removed from the United States' within the meaning of § 1226(a)." *Id.* So the

Court should conclude that Petitioner's present detention "is governed by § 1226(a), not § 1225(b)(1)." *Id.*

### C. Petitioner is entitled to a bond hearing.

Petitioner seeks his immediate release or "any further relief that the Court deems just, equitable, and proper." Doc. 1, at 7. Because Petitioner is detained under § 1226(a), the undersigned concludes a bond hearing is the appropriate remedy.

"Unlike § 1225(b)(1), § 1226(a) contemplates individualized custody determinations and authorizes release on bond or conditional parole pending completion of removal proceedings." *Zhakhonov*, 2026 WL 1865418, at *3. Here, the Government has not provided Petitioner with an individualized custody determination since his re-detention. Doc. 1, at 6; *see, e.g.*, *Zhakhonov*, 2026 WL 1865418, at *3 ("[T]he process afforded by § 1226(a) itself serves as the mechanism through which a detainee's liberty interest is protected."). Because this is "the very process Congress prescribed for detainees held pursuant to § 1226(a)," the Court should order Respondents to provide Petitioner with a bond hearing under § 1226(a). *Id.*; *see also Navarrete v. Mullin*, No. CIV-26-224-SLP, 2026 WL 2323345, at *2 (W.D. Okla. Aug. 11, 2026) (finding the petitioner had a "protected liberty interest arising from her release on her own recognizance" and that the level of process owed to her was "for Respondents to provide [her] with a bond hearing pursuant to 8 U.S.C.

§ 1226”); *Todyrenchuk v. Warden of Diamondback Corr. Facility*, No. CIV-26-1243-J, 2026 WL 2186977, at *3 (W.D. Okla. July 29, 2026) (“[T]he Court concludes the proper remedy in this case is not immediate release, but an individualized bond hearing before an Immigration Judge exercising jurisdiction under § 1226(a).”); *cf. Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1237 (10th Cir. 2026) (“We hold that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A).”).

The Court should thus grant the petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) within seven days, or otherwise release Petitioner. *See Santillan Quiroz*, 180 F.4th at 1251 n.13 (directing district court to order the government to provide the petitioner a bond hearing within seven days “[b]ecause [the petitioner] can properly be subject to detention under § 1226(a).”); *see also Colin v. Holt*, No. CIV-25-1189-D, 2025 WL 3645176, at *6 (W.D. Okla. Dec. 16, 2025) (“Petitioner has not received a bond hearing and Respondents raise no objection challenging their obligations to provide bond hearings for noncitizens that are detained under 8 U.S.C. § 1226(a).”).

### D. The Court should decline to address Petitioner's remaining claims.

Given the undersigned's recommendation to grant Petitioner a bond hearing, the Court should decline to address the merits of Petitioner's remaining claims for relief and deny his emergency motion for immediate release. Doc. 2. The Court can grant him relief under § 1226(a). *See Colin*, 2025 WL 3645176, at *6 n.3 ("Because the Court grants the relief the Petitioner requests based on the applicability of 8 U.S.C. § 1226(a), the Court declines to decide the merits of Petitioner's due process claim."); *see also Ramos Perez v. Grant*, 2026 WL 2033144, at *2 n.2 (W.D. Okla. July 14, 2026) (declining to address the petitioner's remaining claims after ordering a bond hearing). And the Court cannot address Petitioner's conditions of confinement claims under § 2241.

## V. Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court grant Petitioner's habeas petition in part, and **order Respondents to provide Petitioner with an individualized bond hearing before a neutral Immigration Judge within seven days or else release Petitioner.** The Court should deny Petitioner's pending emergency motion for immediate release. Doc. 2. The undersigned also recommends that the Court order Respondents to certify their compliance with the Court's order by filing

a status report within ten business days of the Court's order and promptly providing a copy of this order to counsel for the Warden of the Diamondback Correctional Facility.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by August 24, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72.[5] The undersigned further advises the parties that failure to make timely objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

---

[5] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to this Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231 & n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance – particularly where strict application would undermine the habeas review process").

**ENTERED** this 17th day of August, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE