**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **JOSE ALEJANDRO CARMENATE GUTIERREZ,** | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Case No. CIV-26-1504-R** |
| **WARDEN OF DIAMONDBACK CORRECTIONAL FACILITY, et al.,** | ) | |
| **Respondents.** | ) | |

**ORDER**

Petitioner, a noncitizen that was previously released on parole under 8 U.S.C. § 1182(d)(5), filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 asserting that his continued detention by U.S. Immigration and Customs Enforcement without a meaningful custody review is unlawful. The matter was referred to United States Magistrate Judge Suzanne Mitchell who issued a Report and Recommendation [Doc. No. 10] concluding that Petitioner's detention is governed by 8 U.S.C. § 1226(a) rather than the mandatory detention provision set out in 8 U.S.C. § 1225(b)(1). Judge Mitchell therefore recommends that the Petition be granted in part and Respondents ordered to provide Petitioner with a prompt bond hearing under 8 U.S.C. § 1226(a). Respondents filed a timely Objection [Doc. No. 11], triggering de novo review of those portions of the Report to which a specific objection is made. 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b)(3).

Respondents' Objection asserts that § 1225(b)(1), which provides for expedited removal and mandatory detention of noncitizens in certain situations, governs Petitioner's detention. Respondent argues that the parole of an arriving noncitizen under § 1182(d)(5)

and subsequent residence in the United States cannot change a noncitizen's status, and that once a noncitizen's parole is terminated, they return to the status they held at the time of their parole—in this case, an "arriving alien" subject to mandatory detention under § 1225(b)(1).

This Court has previously rejected Respondent's argument that the termination of a noncitizen's humanitarian parole necessarily reverts his status to that of an "arriving" noncitizen subject to mandatory detention under § 1225(b)(a). *See Aitiev v. Gantt*, No. CIV-26-997-R, 2026 WL 2125893, at *2 (W.D. Okla. July 23, 2026). Where, as here, Petitioner was paroled into the United States, permitted to reside in the country for several years, and his current detention is not part of the inspection process or attempted entry, "Petitioner's detention is more naturally characterized as detention 'pending a decision on whether the alien is to be removed from the United States' within the meaning of § 1226(a)." *Zhakhonov v. Grant*, No. CIV-26-350-J, 2026 WL 1865418, at *3 (W.D. Okla. June 29, 2026) (quoting 8 U.S.C. § 1226(a)). Although courts across the country have differed on the issue,[1] this conclusion is consistent with numerous decisions within this judicial district. *See id.; Drozdov v. Lyons,* No. CIV-26-365-SLP, 2026 WL 1470929, at *2 (W.D. Okla. May 26, 2026) (rejecting argument that "detention is mandated under § 1225(b)(1) after revocation of parole"); *Arevalo Castillo v. Figueroa*, No. CIV-26-0162-HE, 2026 WL 1960937, at *1 (W.D. Okla. June 7, 2026) (concluding that "noncitizens who remain in the

[1] Compare *Rafibaev v. Noem*, No. 26-CV-00461-PAB, 2026 WL 607559 (D. Colo. Mar. 4, 2026) (concluding petitioner was subject to detention under § 1226(a) after parole expired) with *Fuenmayor v. Mullin*, 830 F. Supp. 3d 1104 (D.N.M. April 9, 2026) (concluding petitioner was subject to mandatory detention under § 1225(b)(2) after termination of parole).

United States after their humanitarian parole ended are not arriving aliens" subject to mandatory detention) (quotation marks and brackets omitted); *Bello Rodriguez v. Diamondback Installation*, No. CIV-26-1188-D, 2026 WL 2364679, at *2 (W.D. Okla. Aug. 14, 2026) (concluding that "Petitioner's status does not revert to that of an arriving alien under § 1225(b)(1)" after termination of parole).

Because Respondents have not shown that § 1225(b) applies, the more general provisions of § 1226 govern Petitioner's detention. Petitioner is therefore entitled to the process provided by § 1226(a), including an individualized bond hearing. *See Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1237 (10th Cir. 2026).[2]

Accordingly, the Report and Recommendation [Doc. No. 10] is ADOPTED and, for the reasons stated therein, the Petition for Writ of Habeas Corpus is GRANTED in part. Respondents are directed to provide Petitioner with a bond hearing before a neutral Immigration Judge within seven days or release Petitioner. Respondents shall certify compliance with this order.

IT IS SO ORDERED this 8th day of September, 2026.

**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**

[2] In *Santillan Quiroz*, 180 F.4th at 1237 n.6, the Tenth Circuit stated that "[s]ome noncitizens who are arrested in the interior may be subject to § 1225(b)(1)(A)" but did not resolve the issue presented here. *See Bello Rodriguez*, 2026 WL 2364679, at *2 (explaining that "the Tenth Circuit left open the question of whether aliens 'arrested in the interior may be subject to § 1225(b)(1)(A).'").